**1**

Scotty HILL v. STATE. (No. 10844.) (Court of Criminal Appeals of Texas. March 9, 1927.) Appeal from District Court, Grayson County; F. E. Wilcox, Judge. B. F. Gafford, J. P. Cox, and J. D. Buster, all of Sherman, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Conviction is for transporting intoxicating liquor; the punishment being two years in the penitentiary. Appellant has filed his affidavit, advising this court that he desires to prosecute his appeal no further, but wishes to abandon and withdraw it. It is accordingly ordered that said appeal be dismissed.

---

**2**

Scotty HILL, alias Bill Hill, v. STATE. (No. 10845.) (Court of Criminal Appeals of Texas. March 9, 1927.) Appeal from District Court, Grayson County; Silas Hare, Judge. J. P. Cox, B. F. Gafford, and J. D. Buster, all of Sherman, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The conviction is for the unlawful delivery of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year. Upon the written request of the appellant, duly verified by his affidavit, the appeal is ordered dismissed.

---

**3**

Ex parte Ed McCARTY v. STATE. (No. 10842.) (Court of Criminal Appeals of Texas. March 16, 1927.) Appeal from District Court, San Augustine County; V. H. Stark, Judge. S. M. Adams and R. A. McAlister, both of Nacogdoches, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. This is an appeal from the order of the district judge fixing the relator's bail pending the appeal from a sentence of two years' confinement in the penitentiary for the offense of assault with intent to murder. The state has filed a motion to dismiss the appeal. The motion is accompanied by the affidavit of the sheriff to the effect that relator has made bond in the sum of $4,000, which bond has been approved by the district judge and the sheriff, as required by law, and the relator released from custody. There being no controversy touching the facts stated in the affidavit, the appeal is ordered dismissed.

**4**

Bertha SANDERS v. STATE. (No. 10527.) (Court of Criminal Appeals of Texas. Jan. 5, 1927. Rehearing Denied March 16, 1927.) Appeal from District Court, Fayette County; M. C. Jeffrey, Judge. Carlos Bee, of San Antonio, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The offense is murder; punishment fixed at confinement in the penitentiary for a period of 50 years. That Alice Price was killed by shots fired from a pistol in the hands of the appellant is established by the evidence without controversy. The state's evidence would lead to the conclusion that the deceased was assassinated by the appellant. One bullet went through the neck, entering the front; another entered the body. She lived but a few moments, but stated that the appellant laid in wait for her and shot her. Molden, an eye witness, gave testimony indicating that the appellant had concealed herself behind some bushes, and assaulted and shot the deceased as she was passing. According to the appellant, she was attacked by the deceased with a pistol. * * * She seized her and in the struggle the pistol was fired. The following is quoted from the testimony of the appellant: "I ran into her, and tussled with her for the pistol, to keep her from killing me, and in the tussle we fell, and that is when she came to be shot. When we fell, I got on up, and I had the pistol in my hand." There was some evidence of previous bad feeling, the details of which it is deemed unnecessary to state. There is but one bill of exceptions, complaining of the procedure, and that relates to the receipt in evidence of the clothing worn by the deceased. As qualified, the bill fails to show any violation of the rules of evidence touching the testimony of which complaint is made. The position of the parties, the location of the pistol at the time it was fired, and the effect of the shots upon the clothing were controverted questions upon which the learned trial judge deemed the receipt of the evidence mentioned relevant. The bill fails to show that the conclusion reached by the learned trial judge was unsound or out of harmony with the precedents collated in Underhill's Criminal Evidence (3d Ed.) § 101. The judgment is affirmed.

---

**5**

H. F. STIGLER v. STATE. (No. 10800.) (Court of Criminal Appeals of Texas. March 2, 1927.) Appeal from District Court, Taylor County; W. R. Ely, Judge. Oliver Cunningham, of Abilene, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The offense is forgery; punishment fixed at confinement in the penitentiary for a period of two years. The record contains neither statement of facts nor bills of exceptions. The indictment appears regular. No fundamental error has been perceived. The judgment is affirmed.